## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOTOROLA, INC., an Illinois corporation,<br>1301 E. Algonquin Road<br>Shamburg, Illinois 60196<br><br>        Plaintiff,<br><br>  v.<br><br>VIP WIRELESS INC.,<br>250 E. Street Road<br>Feasterville Trevose, Pennsylvania 19053<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Motorola, Inc. ("Motorola"), by and through its attorneys, for its Complaint against VIP Wireless Inc. ("Defendant"), states as follows:

### Jurisdiction and Venue

1. This action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., as amended (the "Lanham Act"), the Pennsylvania Trademark Act, 54 Pa. Cons. Stat. Ann. §1125 and state common law unfair competition claims. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121, 1125, 126 and 1116 and supplemental jurisdiction over the state claims stated herein under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendant in that this action arises from its transaction of business within this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendant transacts business in this District and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**The Parties**

4.      Plaintiff Motorola is a corporation organized and existing under the laws of the State of Illinois and has a principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois 60196.

5.      Defendant VIP Wireless Inc. is a Pennsylvania corporation with its principal place of business at 250 E Street Road, Feasterville Trevose, PA 19053, and it operates numerous retail locations in the Greater Philadelphia and New Jersey area.

**Facts Common to all Counts**

**Motorola and the Motorola Marks**

6.      Motorola is a Fortune 100 global communications leader that had sales of US $35.3 billion in 2005.  For over 80 years, Motorola has been in the business of designing and manufacturing consumer electronics devices.  Motorola's MobileMe division designs, manufactures, sells and services mobile communication products, including mobile phones and accessories.

7.      For many years, Motorola has used the trademark MOTOROLA and the STYLIZED M Design (collectively the "Motorola Trademarks") continuously on, and in connection with, the design, manufacture and/or sale of, *inter alia*, mobile communication devices and accessories in interstate and intrastate commerce.

8.      The Motorola Trademarks are registered on the Principal Register of the United States Patent and Trademark Office for many types of goods.  Photocopies of the registration records of the United States Patent and Trademark Office for many of the following representative Motorola Trademarks are annexed hereto as Exhibit 1:

| Trademark | Registration Number |
|---|---|
| MOTOROLA | 717,485 in International Class 9<br>Registered June 27, 1981 |
| MOTOROLA and STYLIZED M Design | 1,680,185 in International Class 9<br>Registered March 24, 1992 |

        STYLIZED M Design        1,674,103 in International Classes 9
                                                        Registered February 4, 1992

9. Motorola is the owner of the Motorola Trademarks in each of the above registrations. All of these registrations are valid, subsisting, and in full force and effect. In addition, all of these registrations have become incontestable pursuant to 15 U.S.C. § 1065.

10. Motorola maintains strict control over the nature and quality of merchandise bearing the Motorola Trademarks.

11. Merchandise designed, manufactured and/or sold by Motorola and bearing one or more of the Motorola Trademarks (hereinafter "Authorized Merchandise") has been advertised and sold throughout the United States and within the State of Pennsylvania and this District.

12. As a result of Motorola's excellent reputation, extensive advertising and sales, and strict control of the nature and quality of Authorized Merchandise, the Motorola Trademarks have come to be associated by the purchasing public with products of the highest quality, and have become distinctive in the minds of the purchasing public as designating products which originate from, are sponsored by, or are otherwise affiliated with Motorola.

13. For the foregoing reasons, the value of the Motorola Trademarks and business reputation to Motorola is incalculable.

**Facts Common to all Counts**

14. Defendant has attempted to sell, and continues to offer for sale, mostly inferior, but always unlicensed and unauthorized, merchandise bearing unauthorized duplications of one or more of the Motorola Trademarks (hereinafter "Counterfeit Merchandise") through its retail locations in the Greater Philadelphia area, as well as its locations in New Jersey.

15. Defendant's distribution, offer for sale, and/or sale of Counterfeit Merchandise was and continues to be without the permission or authority of Motorola.

16. Defendant has been and will continue to transact business in this District and elsewhere in interstate commerce, have infringed and will continue to infringe Motorola's rights in the Motorola Trademarks, and have regularly been and will be soliciting and doing business

and deriving substantial revenue from goods sold, used, and consumed in this District and elsewhere in interstate commerce, including said Counterfeit Merchandise.

17. On information and belief, Defendant's offering for sale and/or sales of Counterfeit Merchandise is with full knowledge that such acts are without Motorola's authority or consent and are likely to confuse the public into believing there is a connection or association between Motorola and Defendant's Counterfeit Merchandise.

18. Defendant's unlawful activities result in irreparable harm and injury to Motorola in that, among other things, Defendant deprives Motorola of its absolute right to determine the manner in which its image is presented to the public through merchandising; deceive the public as to the origin of Counterfeit Merchandise; falsely represent a sponsorship and/or association between Motorola and Defendant, and its Counterfeit Merchandise, wrongfully trades and capitalizes upon Motorola's reputation and goodwill and the commercial value of the Motorola Trademarks; and, particularly to the extent that Defendant's Counterfeit Merchandise is of inferior quality, irreparably injure Motorola's goodwill and reputation for manufacturing and selling reputable, high-quality Authorized Merchandise.

## **COUNT I**

Federal Trademark Counterfeiting/Infringement

19. Motorola repeats and realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Upon information and belief, notwithstanding Motorola's well-known and prior rights in the Motorola Trademarks, Defendant offers for sale and sells Counterfeit Merchandise in direct competition with the sale of Authorized Merchandise, in or affecting interstate commerce.

21. Defendant's use of copies or simulations of the Motorola Trademarks is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's Counterfeit Merchandise, and is likely to deceive the public into believing that Counterfeit Merchandise being sold by Defendant originates from, is associated

with, and/or is otherwise authorized by Motorola, all to the damage and detriment of Motorola's reputation, goodwill and sales.

22. Defendant's aforesaid actions constitute counterfeiting and willful infringement, in violation of Motorola's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23. Motorola has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

### Federal Unfair Competition/False Designation of Origin

24. Motorola repeats and realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Counterfeit Merchandise sold by Defendant is of the same general nature and type as Authorized Merchandise sold and/or authorized to be sold by Motorola. Counterfeit Merchandise is so related to and indistinguishable from Authorized Merchandise that Defendant's use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

26. By misappropriating and using the Motorola Trademarks, Defendant misrepresents and falsely describes to the general public the origin and source of Counterfeit Merchandise and creates a likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

27. Moreover, Defendant's Counterfeit Merchandise is consistently of inferior quality and the sale thereof will be damaging to the goodwill of Motorola as well as the reputation which Motorola has developed in connection with the sale of Authorized Merchandise.

28. Defendant's unlawful, unauthorized and unlicensed offer for sale and/or sale of Counterfeit Merchandise creates the express and implied misrepresentation that his Counterfeit Merchandise was created, authorized, or approved by Motorola.

29. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant uses, in connection with goods and services, a false

designation of origin and will have caused and will continue to cause said goods to enter into interstate commerce.

30. Motorola has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III

### Pennsylvania Trademark Act

31. Motorola repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant has harmed Motorola by displaying and selling Counterfeit Merchandise bearing unauthorized reproductions of the Motorola and Trademarks as a substitute for Authorized Merchandise offered by Motorola.

33. Defendant's conduct is likely to deceive purchasers into believing that their Counterfeit Merchandise originates from or is otherwise authorized by or sponsored by Motorola.

34. Defendant's conduct constitutes the use, display and sale of counterfeits and imitations, in violation of the Pennsylvania Trademark Act, 54 Pa. Cons. Stat. Ann. §1125.

35. As a result of the aforesaid acts by Defendant, Motorola has suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

36. Unless Defendant is restrained and enjoined by this Court, said acts will be continued and will continue to cause damage and irreparable injury to Motorola, the Motorola Trademarks, and the general public.

37. Motorola has no adequate remedy at law.

## COUNT IV

### Pennsylvania State Unfair Competition

38. Motorola repeats and realleges paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Counterfeit Merchandise sold by Defendant is of the same general nature and type as Authorized Merchandise sold and/or authorized to be sold by Motorola.  Counterfeit Merchandise is so related to and indistinguishable from Authorized Merchandise that Defendant's use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

40. By misappropriating and using the Motorola Trademarks, Defendant misrepresents and falsely describes to the general public the origin and source of Counterfeit Merchandise and creates a likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

41. Moreover, Defendant's Counterfeit Merchandise is consistently of inferior quality and the sale thereof will be damaging to the goodwill of Motorola as well as the reputation which Motorola has developed in connection with the sale of Authorized Merchandise.

42. Defendant's unlawful, unauthorized and unlicensed offer for sale and/or sale of Counterfeit Merchandise creates the express and implied misrepresentation that his Counterfeit Merchandise was created, authorized, or approved by Motorola.

43. Defendant's conduct is likely to deceive purchasers into believing that their Counterfeit Merchandise originates from or is otherwise authorized by or sponsored by Motorola.

44. Defendant's aforesaid acts are in violation of Pennsylvania common law of unfair competition.

45. Motorola has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Motorola respectfully prays that this Court:

I. Issue a preliminary injunction:

(a) Enjoining and prohibiting Defendant, its agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with Defendant or on Defendant's behalf, from:

    (1) Manufacturing, distributing, offering for sale, selling or advertising any and all unauthorized merchandise including, but not limited to: mobile communication devices and accessories bearing one or more of the Motorola Trademarks; or

    (2) Representing that any unauthorized article distributed, sold, held for sale, or advertised by Defendant is sponsored by or authorized by Motorola by use of copies or simulations of the Motorola Trademarks or otherwise; and

(b) Requiring Defendant to turn over to Motorola any and all unauthorized merchandise bearing one or more of the Motorola Trademarks in the possession, custody, or control of Defendant, its agents, servants, employees, attorneys, successors, assigns and customers, or any person, firm, or corporation acting in concert or participation with Defendant or on Defendant's behalf.

II. After a hearing on the merits, issue a Permanent Injunction prohibiting Defendant from selling or attempting to sell merchandise described in subdivision I above and ordering such merchandise to be turned over to Motorola and destroyed, wherever found.

III. After a hearing on the merits, grant Motorola an award of actual or statutory damages as Motorola elects against Defendant, which should be trebled or enhanced pursuant to the provisions of the Trademark Counterfeiting Act and/or the Lanham Act, and grant Motorola's costs and attorneys' fees associated with pursuing this action and prejudgment interest against Defendant.

IV.  Grant Motorola such other and further relief as this Court deems to be reasonable, necessary, and just.

>Respectfully submitted,
>
>**BUCHANAN INGERSOLL & ROONEY PC**
>
>By:  _____/s/_____
>ROBERT A. GRIFFITHS, Esq.
>P.A.I.D. No. 37065
>LAWRENCE M. FARNESE, JR., Esq.
>P.A.I.D. No. 73284
>lawrence.farnese@bipc.com
>1835 Market Street, 14th Floor
>Philadelphia, PA  19103-2985
>Telephone:  (215) 665 5367
>Facsimile:   (215) 665-8760

DATED:  February 14, 2007

BART A. LAZAR, Esq.
blazar@seyfarth.com
KELLEY A. LYNCH, ESQ.
klynch@seyfarth.com
**SEYFARTH SHAW LLP**
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile:  (312) 460-7000

*(Pro hac vice motion to be submitted)*

Attorneys for Plaintiff
MOTOROLA, INC.